IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-147-FL-1
NO. 7:22-CV-104-FL

| STACEY TREMAINE JOHNSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 121) and respondent's motion to dismiss (DE 125). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank, entered a memorandum and recommendation ("M&R") (DE 130), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner filed a motion to amend (DE 131) and he objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's motions, and grants respondent's motion.

### BACKGROUND

Petitioner was convicted following a jury trial, on November 21, 2018, of (1) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 4). Prior to trial, petitioner pleaded guilty to Count 1 of the

indictment, which charged him with possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1).

The court held petitioner's sentencing hearing June 24, 2019. The presentence investigation report ("PSR"), which the court adopted, determined petitioner's effective guidelines range considering all counts was 295-353 months. The court imposed a sentence of 240 months imprisonment. Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the court's judgment. See United States v. Johnson, No. 19-4457, 2022 WL 112070 (4th Cir. Jan. 12, 2022).

Petitioner filed the instant motion to vacate July 5, 2022, asserting the following claims: 1) Ineffective assistance of counsel due to counsel's failure to "obtain or introduce material documents from [law enforcement officer] as evidence" at sentencing; and 2) Petitioner's sentence was "obtained in violation of the Sixth Amendment" and due process rights to trial by jury when the court imposed a cross reference for murder. (DE 121 at 4, 11). Petitioner relies upon exhibits comprising a news article, a police incident/investigative report, and Federal Bureau of Investigation interview report.

The government filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. The magistrate judge recommends dismissal of petitioner's claims on their merits, in addition to procedural default on petitioner's second claim. Petitioner filed the instant motion to amend October 31, 2022, seeking to add a claim that appellate counsel was ineffective in failing to raise petitioner's second claim on direct appeal. Petitioner then filed objections to the M&R.

# DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

   1.  Motion to Amend

Under Rule 15, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Here, petitioner's motion to amend is futile. Petitioner seeks to add a claim that his appellate counsel was ineffective for failing to raise his Sixth Amendment/Due Process claim on direct appeal. However, for the reasons set forth in the M&R and below, that claim is without merit. Petitioner thus has not demonstrated appellate counsel "ignored issues . . . clearly stronger than those presented" as necessary to state a claim for ineffective assistance of appellate counsel in this context. Smith v. Robbins, 528 U.S. 259, 288, (2000). Accordingly, petitioner's motion to amend is denied.

   2.  Motion to Vacate

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. The magistrate judge correctly determined that petitioner fails to state a claim of ineffective assistance of counsel, in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678-88 (1984). The magistrate judge also correctly determined that petitioner's second claim fails as a matter of law because of the advisory nature of the guidelines and the sentence under the statutory maximum. See United States v. Medley, 34 F.4th 326, 335 (4th Cir. 2022). The court writes separately to augment the analysis of the M&R and to address petitioner's objections.

4

### a. Ineffective Assistance of Counsel

"[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance." Strickland, 466 U.S. at 692. A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Here, petitioner has not shown that there is a reasonable probability that, but for counsel's failure to introduce the evidence petitioner now asserts, the result of the sentencing would have been different. The court based its cross-reference determination upon multiple categories of evidence that together demonstrated the government had met its burden by a preponderance of the evidence. In particular, the government introduced testimony and evidence regarding a "ballistics comparison" that "in and of itself, is evidence that [petitioner] participated in [the] shooting." (Sent. Tr. (DE 109) 65). Second, the "temporal proximity" and physical proximity of the shooting supported the cross-reference. (Id.). Third, the government introduced detailed "information from a source who law enforcement has deemed to be reliable," which further supported the cross-reference. (Id. at 66). Fourth, the government introduced evidence of the interview of Anthony Tindall ("Tindall"), which under the circumstances was substantially corroborated by the other evidence. (Id.).

Although petitioner now presents evidence that he asserts impeaches the credibility of Tindall, this does not meet the prejudice prong of Strickland because the court already took into account credibility of Tindall in weighing the multiple categories of evidence at sentencing. Specifically, the court already considered that Tindall had "a lengthy criminal history" including "breaking and entering" and "assault on females." (Id. at 41). The government already conceded

"his information was tainted," and Tindall was in custody when interviewed and knew officers wanted him to talk about petitioner. (Id. at 66-67). In light of this information, as well as the circumstances of Tindall's own conduct as described by witnesses at sentencing, petitioner's additional assertions bearing on the credibility of Tindall do not meaningfully change the calculus of the totality of circumstances bearing upon application of the cross-reference. This is particularly true where the instant evidence asserted by petitioner does not undermine the credibility of the witnesses who testified at sentencing.

In his objection, petitioner contends that the additional evidence "could have prompted the sentencing court to question or more closely scrutinize the veracity of the government's evidence." (Def's Obj. (DE 132) at 2). That, however, is not the pertinent standard under Strickland: The issue is whether but for counsel's alleged failure to present such additional evidence there is a reasonable probability of a different outcome at sentencing. Moreover, the court indicated at sentencing that the government had presented "very compelling evidence" and "a chain of evidence here that puts that gun in [petitioner's] hand and his finger pulling the trigger and trying to kill Mr. Tindall." (Tr. 71, 75). The court considered and rejected counsel's argument that Tindall lacked credibility, noting that "[i]mportant parts of what Mr. Tindall said were corroborated." (Id. at 77). Accordingly, on this record, petitioner has not demonstrated a reasonable probability of a different outcome.

Petitioner cites to Glover v. United States, 531 U.S. 198, 201-204 (2001), for the proposition that "counsel's failure to press argument at sentencing [was] prejudicial because it led to [a] defendant's increased sentence." (Def's Obj. (DE 132) at 2). In the instant case, however, defense counsel's failure to press argument was not prejudicial because it did not lead to an increased sentence. Petitioner has not demonstrated that such argument probably would

6

have tipped the scales to prevent the cross-reference and then also result in a sentence below 240 months. Moreover, Glover is instructively distinguishable because, there, counsel allegedly did not pursue a legal argument that was shortly thereafter determined to have merit, in a separate case, in application of the guidelines. 531 U.S. at 201. This contrasts with the instant case where the argument at issue was factual in nature upon a multi-faceted record.

In sum, petitioner's ineffective assistance of counsel claim fails to state a claim upon which relief can be granted and thus must be dismissed.

b.      Sixth Amendment/Due Process

Petitioner's objections concerning his Sixth Amendment/due process claim do not provide a basis to question the cogent analysis of the M&R. For example, petitioner faults the M&R for not addressing the due process aspect of his claim. The M&R, however, cited to United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009), which in turn discusses both Sixth Amendment and due process challenges to findings of fact made at a sentencing.

In any event, petitioner's claim based upon due process fails for the same reasons as his claim based upon the Sixth Amendment. In particular, the ability of the court to make findings of fact bearing upon advisory guidelines range does not give rise to a due process violation. See, e.g., Grubbs, 585 F.3d at 800 ("We have some difficulty fathoming why the due process calculus would change simply because the legislature has seen fit to provide sentencing courts with additional guidance.").

Petitioner argues that the M&R erroneously characterized United States v. Hughes, 401 F.3d 540, 543 (4th Cir. 2005) and United States v. Williamson, 160 F. App'x 289, 290 (4th Cir. 2005), as involving "pre-Booker sentences," in reference to United States v. Booker, 543 U.S. 220 (2005). Petitioner points out that Booker was decided January 12, 2005, whereas Hughes

was decided March 16, 2025, and Williamson was decided December 21, 2005. The key to understanding Hughes and Williamson, however, is not the date of the decisions, but rather the date of the sentencings under appeal, and the fact that those sentencings took place "pursuant to the pre-Booker mandatory guidelines regime." Hughes, 401 F.3d at 552. Here, the sentencing took place under the post-Booker advisory guidelines regime. Therefore Hughes and Williamson are inapposite.

In sum, petitioner's Sixth Amendment/due process claim fails as a matter of law and must be dismissed.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 130). Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 121) is DISMISSED, and petitioner's motion to amend (DE 131) is DENIED. Respondent's motion to dismiss (DE 125) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 6th day of November, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge